UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY GIBBS,<br>        Plaintiff,<br>    v.<br>RAQUEL DE GLORIA,<br>        Defendant. | Case No. 16-cv-00320-DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN**<br><br>Re: Dkt. No. 2 |

Defendant Raquel De Gloria removed this case pursuant to 28 U.S.C. § 1441 from Superior Court of California, County of Marin, where it was pending as a complaint for unlawful detainer against Defendant. The Notice of Removal states two grounds for removal: that the Complaint presents a federal question such that the case could have originally been filed in this Court and that diversity exists between the parties. (Notice of Removal ¶¶ 6, 10.) Defendant has also filed an application to proceed *in forma pauperis* ("IFP"). On January 22, 2016, Plaintiff filed a motion to remand the case to Marin County Superior Court. [Docket No. 16.]

When a notice of removal is filed, the court must examine it "promptly," and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). Defendant has not yet filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Therefore, the court issues herein a Report and Recommendation and reassigns this case to a District Judge for final disposition, with the recommendation that the IFP application be granted and that summary remand be ordered.

### I.    IFP APPLICATION

Having evaluated Defendant's financial affidavit, the court finds that she has satisfied the

economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP application be granted. The court next turns to the issue of subject matter jurisdiction.

## II.    FEDERAL QUESTION JURISDICTION

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831; *see also ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted) (brackets in original)).

According to Defendant's Notice of Removal, a federal question arises because "Defendant's Demurrer . . . depends on the determination of Defendant's rights and Plaintiff's duties under federal law." (Notice of Removal ¶ 10.) The complaint that Plaintiff filed in Marin County Superior Court, however, simply alleges a state cause of action under unlawful detainer. (Compl.) Whatever Defendant intends to argue in response to this allegation does not give rise to removal jurisdiction. *See Holmes Group*, 535 U.S. at 831; *see also Nguyen v. Bui*, No. 12-501 HRL, 2012 WL 762156, at *2 (N.D. Cal. Feb. 21, 2012) (holding that affirmative defenses based upon Federal Truth in Lending Act and Real Estate Settlement Procedures Act do not confer

//

//

federal jurisdiction upon state unlawful detainer claim).

### III.   DIVERSITY JURISDICTION

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332. "[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses . . . ." *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993). Potential defenses to all or part of a plaintiff's claim do not affect the amount in controversy, because the defense may be shown to be invalid. *See Riggins v. Riggins*, 415 F.2d 1259, 1261-62 (9th Cir. 1969) (noting that statute of limitations defense might bar portion of relief sought did not affect amount in controversy). Similarly, the amount in controversy is determined without regard to any counterclaim to which a defendant may be entitled. *See Snow v. Ford Motor Co.*, 561 F.2d 787, 789 (9th Cir. 1977).

Defendant avers that this case fulfills the diversity jurisdiction requirements. (Notice of Removal ¶ 6.) However, she does not allege the citizenship of the parties, nor does she allege the amount in controversy. However, the face of the Complaint unequivocally states that the action is a "limited civil case," and that the amount demanded "does not exceed $10,000." (Compl.) As Plaintiff seeks $33.33 per day for Defendant's refusal to vacate the property beyond December 5, 2015, the total potential damages at the time of removal were less than $2,000, far below the $75,000 minimum required to establish diversity jurisdiction. Accordingly, there is no basis for exercising diversity jurisdiction over the unlawful detainer action.

### IV.   CONCLUSION

For the reasons above, the court recommends that Defendant's IFP application be granted and that this action be remanded to the Marin County Superior Court. The court further recommends that Plaintiff's motion to remand be denied as moot. The Clerk is directed to reassign this case to a District Judge.

1  Any party may file objections to this report and recommendation with the district judge
2  within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a);
3  N.D. Cal. Civ. L.R. 72-2.

5  **IT IS SO ORDERED.**

6  Dated: February 2, 2016



Donna M. Ryu
United States Magistrate Judge